Brian M. Davis (CA State Bar No.: 241984)
Michael W. Caspino (CA State Bar No.: 171906)
FORWARD COUNSEL LLP
4340 Von Karman Avenue, Suite 380
Newport Beach, California 92660
Telephone:      (949) 258-9359
Facsimile:      (949) 273-1070
Email:          mcaspino@forwardcounsel.com/

Attorneys for Defendants and counterclaimant's VISIONTECH GROUP, INC., HYDROMAN, INC., and NATURE'S MIRACLE,  INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAPHOTON INC., a Chinese Corporation;<br><br>               Plaintiff,<br><br>        vs.<br><br>VISIONTECH GROUP, INC., a California Corporation; HYDROMAN, INC., a California Corporation; NATURE'S MIRACLE, INC., a Delaware Corporation; and DOES 1 through 50, inclusive<br>               Defendants. | CASE NO. 5:24-cv-01181<br><br>**DEFENDANT'S ANSWER TO THE COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>*JURY TRIAL DEMANDED* |

Defendants Visiontech Group, Inc., Hydroman, Inc. and Nature's Miracle, Inc. by and through its counsel of record Forward Counsel LLP, hereby answers the Complaint of Plaintiff Megaphoton, Inc. and asserts its Affirmative Defenses and Counterclaims as follows:

## INTRODUCTION

1. Denied.

2. Denied.

3. Denied.

## PARTIES

4. Upon information and belief, Defendants admit that Plaintiff is a Chinese Corporation with its principal place of business in China.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

5.  Admitted.

6.  Admitted.

7.  Admitted.

8.  Defendants lack knowledge or information to form a belief as to the truth of these allegations.

### FACTS

9.  Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Defendants lack knowledge or information to form a belief as to the truth of these allegations.

### JURISDICTION AND VENUE

15. Denied in part; admitted in part. Paragraph 15 contains conclusions of law to which no response is required. Defendants admit, however, that this Court has jurisdiction over the subject matter in the Complaint based on the allegation stated.

16. Denied in part; admitted in part. Paragraph 16 contains conclusions of law to which no response is required. Defendants admit, however, that venue is proper in this Court.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

17. Defendants incorporate by reference its answers to the preceding Paragraphs as if set forth at length herein.

18. Denied. Paragraph 18 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 18 are denied.

19. Denied. Paragraph 19 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 19 are denied.

20. Denied. Paragraph 20 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 20 are denied.

21.  Denied. Paragraph 21 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 21 are denied.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**SECOND CAUSE OF ACTION – BREACH OF CONTRACT**

22. Defendants incorporate by reference its answers to the preceding Paragraphs as if set forth at length herein.

23. Denied. Paragraph 23 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 23 are denied.

24. Denied. Paragraph 24 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 24 are denied.

25. Denied. Paragraph 25 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 25 are denied.

26. Denied. Paragraph 26 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 26 are denied.

**THIRD CAUSE OF ACTION – OPEN BOOK ACCOUNT**

27. Defendants incorporate by reference its answers to the preceding Paragraphs as if set forth at length herein.

28. Denied. Paragraph 28 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 28 are denied.

**FOURTH CAUSE OF ACTION – OPEN BOOK ACCOUNT**

29. Defendants incorporate by reference its answers to the preceding Paragraphs as if set forth at length herein.

30. Denied. Paragraph 30 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 30 are denied.

**FIFTH CAUSE OF ACTION – ACCOUNT STATED**

31. Defendants incorporate by reference its answers to the preceding Paragraphs as if set forth at length herein.

32. Denied. Paragraph 32 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 32 are denied.

3

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

### SIXTH CAUSE OF ACTION – ACCOUNT STATED

33. Defendants incorporate by reference its answers to the preceding Paragraphs as if set forth at length herein.

34. Denied. Paragraph 34 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 34 are denied.

### SEVENTH CAUSE OF ACTION - FRAUD

35. Defendants incorporate by reference its answers to the preceding Paragraphs as if set forth at length herein.

36. Denied. Paragraph 36 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 36 are denied.

37. Denied. Paragraph 37 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 37 are denied.

38. Denied. Paragraph 38 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 38 are denied.

39. Denied. Paragraph 39 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 39 are denied.

40. Denied. Paragraph 40 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 40 are denied.

41. Denied. Paragraph 41 states conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations in Paragraph 41 are denied.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 41, including subparts (1) through (6), and respectfully requests that the Court dismiss the Complaint in its entirety and enter judgment in their favor and against Plaintiff.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief may be granted.

### SECOND DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation.

### THIRD DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, based upon the doctrines of accord and satisfaction, release, waiver, and estoppel.

### FOURTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, based on illegality of contract.

### FIFTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take steps to mitigate its claim of damages.

### SIXTH DEFENSE

Plaintiff's exemplary damages claims are barred because Defendants did not act with malice, oppression, or fraud.

### SEVENTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, based upon the doctrine of failure of consideration.

### EIGHTH  DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, based upon the doctrine of statute of frauds.

### NINTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, based upon the doctrine of impossibility of performance, parol evidence, ratification, contrary to public policy, and changed circumstances.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**TENTH DEFENSE**

Defendants are informed and believe and thereon allege, that Plaintiff engaged in conduct and activities tainted with bad faith, by reason of which Plaintiff should not be permitted to use the process of this court for furtherance of said bad faith.

DATED: July 26, 2024            FORWARD COUNSEL LLP


By: _____
Brian M. Davis
Michael W. Caspino
Attorneys for Defendants and Counterclaimants
VISIONTECH GROUP, INC., a California
Corporation; NATURE'S MIRACLE, INC., a
Delaware Corporation; HYDROMAN INC., a
California Corporation

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## COUNTERCLAIMS

COMES NOW, Plaintiffs VISIONTECH GROUP, INC. a California Corporation, HYDROMAN, INC, a California Corporation and NATURES MIRACLE, INC., a Delaware Corporation, (collectively "Plaintiffs" for purposes of these counterclaims), counterclaiming and alleging as follows against MEGAPHOTON, INC. and Does 1 through 50 (collectively "Defendants" for purposes of these counterclaims).

## INTRODUCTION

1.      Megaphoton Inc. is a Chinese corporation, partially owned and controlled by the local government investment company at Zhuhai City, Guangdong Province, China ("Chinese Government Entity"), demanding that Plaintiffs Visiontech Group Inc., Hydroman, Inc., and Nature's Miracle, Inc. violate international sanctions imposed on activities with Chinese and Russian persons and companies. Plaintiffs are prohibited from performing the Guaranty Agreements allegedly entered into with Megaphoton and therefore request the Court to declare that the agreements are extinguished. Further, neither Hydroman nor any authorized agent, officer, or director ever executed the Hydroman Guaranty Agreement with Megaphoton. The Hydroman Agreement was never consummated by Hydroman and is of no force or effect. Therefore, Plaintiffs are seeking a court order holding that the Guaranty Agreements are extinguished and, in the alternative, that the Hydroman Agreement was never consummated.

## THE PARTIES

2.      At all relevant times herein, Plaintiff VISIONTECH GROUP, INC.  was and is a corporation formed under the laws of the State of California with business activities in California.

3.      At all relevant times, Plaintiff NATURE'S MIRACLE, INC. was and is a corporation formed under the laws of the State of Delaware with business activities in the State of California.

4.      At all relevant times, Plaintiff HYDROMAN, INC. was and is a corporation formed under the laws of the State of California with business activities in the State of California.

5.      Plaintiffs VISIONTECH GROUP, INC., NATURE'S MIRACLE, INC., and HYDROMAN, INC. shall be collectively referred to as "Plaintiffs" herein.

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

6.     Plaintiffs are informed and believes and thereupon alleges that MEGAPHOTON INC. ("Megaphoton") is a corporation formed under the laws of the People's Republic of China (PRC). Plaintiffs are informed and believe and thereupon allege Megaphoton's principal place of business is in Jinwan District, Zhuhai City, Guangdong Province, China.

7.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants Does 1 through 50, inclusive, are unknown to Plaintiffs, who therefore sues these Defendants by their fictitious names. Plaintiffs are informed and believe and based thereon allege that each of the Defendants designated herein as a fictitiously named Defendant is in some manner responsible for the events and happenings herein referred to, either contractually or tortiously, and caused the damage to Plaintiffs as herein alleged.  When Plaintiffs ascertain the true names and capacities of Does 1 through 50, inclusive, they will ask leave of Court to amend this Complaint by setting forth same.

8.     Plaintiffs are informed and believe, and based thereon allege, that at all times mentioned herein, each of the Defendants was and is now, an agent, servant, and/or employee of Defendants, and each of them, and in doing or admitting to do the acts and things herein complained of, was acting within the course and scope of said agency, service and/or employment, and/or that all of said acts and/or omissions, were authorized and/or ratified by said Defendants, and/or were done with their knowledge and/or consent.

## JURISDICTION

9.     Jurisdiction is appropriate under *California Rules of Court* and *California Code of Civil Procedure* in that all of the actions complained of herein, and which are the subject matter of the contract herein described, occurred within the County of Orange, California.

## GENERAL ALLEGATIONS

10.     Megaphoton is a Chinese corporation partially owned, operated, and dominated by the Chinese Government. Megaphoton manufactures and produces artificial lighting equipment for use in agriculture and industrial applications. Megaphoton sells and distributes its products to numerous countries throughout the world, but primarily China, Russia, Canada, and the United States. These products are used in engineering, manufacturing, and architectural industries in China, Russia, and

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

elsewhere.

11.    Megaphoton owns and is the principal of Megaphoton, LLC, a Russian entity formed under the laws of the Russian Federation. Megaphoton LLC imports artificial lights for industrial, engineering, architectural, and manufacturing services in the Russian Federation. Megaphoton LLC imports these products from Megaphoton in China. Megaphoton LLC also distributes the artificial lights throughout the Russian Federation.

12.    Megaphoton is asserting that it has certain contracts with Plaintiffs Hydroman, Nature's Miracle, and Visiontech Group. These contracts purportedly seek to guarantee certain debt claimed by Megaphoton as a result of purchases of the industrial and agricultural lights by Plaintiffs. Megaphoton has also required Plaintiffs to make payments through certain foreign companies. Payments to these companies would indirectly violate sanctions imposed by the United States and, therefore, Plaintiffs cannot legally make any such payments.

**The Hydroman Agreement**

13.    Megaphoton asserts there is a valid Guaranty Agreement by and between Megaphoton, on one side, and Nature's Miracle and Hydroman on the other. The Guaranty Agreement has an effective date of November 22, 2022 (the "Hydroman Agreement").

14.    The Hydroman Agreement purports to confirm certain payments owed to Megaphoton by Hydroman in the sum of $5,664,242.56 (the "Hydroman Debt") for Megaphoton's artificial lighting products.

15.    The Hydroman Agreement states that the entirety of the Hydroman Debt is to be paid, in full, on or before April 30, 2023.

16.    The Hydroman Agreement further states:

 1)  The Agreement is irrevocable, absolute, and a continuing guaranty of the listed 'debt';

 2)  There are no offsets to reduce, discharge, or release the 'debt';

 3)   Nature's Miracle will be obligated to pay the 'debt' within 5 business days following a default of payment by Hydroman;

 4)  The Guaranty Agreement is to survive any bankruptcy, insolvency, or

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

reorganization;

> 5) Nature's Miracle is to waive, release, and abrogate, any rights it has with respect to Hydroman.

17. The Hydroman Agreement purportedly states that Nature's Miracle will guarantee and pay any sums Hydroman fails to pay.

18. The Hydroman Agreement contains an erroneous signature line for Hydroman, Inc. The printed name of John Worm appears with the purported title of "President" of Hydroman. An unknown signature accompanies the name John Worm. The Hydroman Agreement contains no other signature or endorsement of any kind on behalf of Hydroman, Inc.

19. John Worm is an unknown individual who has never worked for or been associated with Plaintiff Hydroman. Hydroman has never granted any authority to John Worm to execute any document or legally bind the company in any way. There is no connection or relationship between Hydroman and John Worm.

**The Visiontech Agreement**

20. Megaphoton separately alleges that it entered into a separate guaranty agreement with Nature's Miracle and Visiontech Group ("Visiontech Agreement"). The Visiontech Agreement is dated November 21, 2022.

21. The Visiontech Agreement recites that Visiontech was purchasing artificial lighting systems from Megaphoton over the previous years through October 31, 2022. The Visiontech agreement states that Visiontech allegedly owes Megaphoton $1,192,924.00 for the purchase of the artificial lighting systems (the "Visiontech Debt").

22. The Visiontech Agreement states that the Visiontech Debt is to be fully repaid by January 31, 2023.

23. The Visiontech Agreement purportedly hold Nature's Miracle as the guarantor for the Visiontech Debt. The Visiontech Agreement further states:

> 1) The Agreement is irrevocable, absolute, and a continuing guaranty of the listed 'debt';

> 2) There are no offsets to reduce, discharge, or release the 'debt';

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

3) Nature's Miracle will be obligated to pay the 'debt' within 5 business days following a default of payment;

4) The Visiontech Agreement is to survive any bankruptcy, insolvency, or reorganization;

5) Nature's Miracle is to waive, release, and abrogate, any rights it has with respect to Visiontech.

**Economic Sanctions on Russian-related business activities**

24.     Following the dissolution of the Union of Soviet Socialist Republics in 1991, Ukraine became an independent nation. Following a breakdown of relations, soldiers form the Russian Federation seized control of Crimea within Ukraine.  Thereafter, Russia organized a referendum that annexed Crimea.

25.     On April 15, 2021, President Joseph Biden signed Executive Order 14024.  Therein, President Biden declared a national emergency related to Russia related to, in part, its effort to "to undermine security in countries and regions important to United States national security; and to violate well-established principles of international law, including respect for the territorial integrity of states—constitute an unusual and extraordinary threat to the national security, foreign policy, and economy of the United States."

26.     EO 14024 explicitly states that all property and interests in property in the possession of any United States persons "may not be transferred, paid, exported, withdrawn, or otherwise dealt" in connection with persons and entities, including those in the technology sector the defense and related materiel sector if the Russian economy.

27.     Russia launched a full-scale invasion of Ukraine in February 2022.

28.     In response to Russian invasion of Ukraine, the United States of America imposed new and expanded upon the already imposed economic sanctions on Russia, Russian individuals, and entities associated with the Russian economy and war effort.

29.     President Biden executed EO 14071 on April 6, 2022 pursuant to the authority vested in the President by the Constitution and laws of the United States, explicitly including International Emergency Economic Powers Act (50 U.S.C. 1701 *et seq.* ) (IEEPA), the National Emergencies Act

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

(50 U.S.C. 1601 *et seq.*).

30.    EO 14071 was executed, in part, in order to "take additional steps with respect to the national emergency declared in Executive Order 14024 of April 15, 2021, expanded by Executive Order 14066 of March 8, 2022, and relied on for additional steps taken in Executive Order 14039 of August 20, 2021, and Executive Order 14068 of March 11, 2022."

31.    EO 14071 explicitly prohibits:

1) new investment in the Russian Federation by a United States person, wherever located

2) the exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a United States person, wherever located, of any category of services as may be determined by the Secretary of the Treasury, in consultation with the Secretary of State, to any person located in the Russian Federation; and

3) any approval, financing, facilitation, or guarantee by a United States person, wherever located, of a transaction by a foreign person where the transaction by that foreign person would be prohibited by this section if performed by a United States person or within the United States.

32.    EO 14071 further prohibits "any transaction that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate any of the prohibitions set forth in this order."

33.    On May 19, 2023, The Department of the Treasury made further determinations regarding the scope of EO 14071 pursuant to the authority granted onto it in EO 14071. Andrea Gacki, the Director of the Office of Foreign Assets Control of the Department of the Treasury, determined that the prohibitions under EO 14071 include architecture and engineering services. With this addition, the exportation, reexportation, sale, or supply, directly or indirectly, from the United States, or by a US person, wherever located, of architecture services and engineering services to any person located in the Russian Federation is now prohibited.

**FIRST CAUSE OF ACTION**

**RESCISSION – ILLEGAL CONTRACT**

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

**(Plaintiffs Nature's Miracle Inc., Visiontech, Inc. and Hydroman Inc. Against All Defendants)**

34.    Plaintiffs hereby reallege each and every preceding paragraph as though fully set forth herein and incorporates each paragraph by reference.

35.    This cause of action is pled in the alternative. Plaintiff's Nature's Miracle, Inc. and Hydroman, Inc. deny the existence of a valid and binding enforceable contract identified as the Hydroman Agreement but seek relief on the grounds that the Hydroman Agreement is unenforceable as a contract with an illegal object if the Hydroman Agreement is found to be effective.

36.    A controversy has arisen between Plaintiffs Nature's Miracle, Inc., Visiontech Group, Inc., and Hydroman, Inc., on one hand, and Defendants on other, that requires judicial resolution to determine the rights and obligations of each party. Under California Code of Civil Procedure § 1060, et seq., the court may declare rights, duties, statuses, and other legal relations, regardless of whether further relief is or could be claimed.

37.    Megaphoton asserts that it entered into a valid and binding contract with Hydroman, Inc. and Nature's Miracle, Inc. regarding the Hydroman Debt on or about November 21, 2022. Hydroman purportedly agreed to the repay certain debt regarding the purchase of artificial lights from Megaphoton. Nature's Miracle purportedly agreed to guarantee the payment of the Hydroman Debt should Hydroman default and fail to repay the Hydroman Debt.

38.    Megaphoton asserts that it entered into a valid and binding contract with Visiontech Group, Inc. and Nature's Miracle, Inc. regarding the Visiontech Debt on or about November 22, 2022. Visiontech purportedly agreed to the repay certain debt regarding the purchase of artificial lights from Megaphoton. Nature's Miracle purportedly agreed to guarantee the payment of the Visiontech Debt should Visiontech default and fail to repay the Visiontech Debt.

39.    Rescission of the Hydroman Agreement and Visiontech Debt is warranted as performing the terms of those agreements will violate prohibitions imposed on American persons, as defined, pursuant to Federal Law, Executive Orders, including Executive Orders 14024 and 14071, their enabling statutes, orders of the Executive Branch of the United States, including the Department of the Treasury and Department of State. Any payments to Megaphoton will directly and indirectly contribute to violation of sanctions imposed on Chinese and/or Russian persons and entities by the

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

United States of America.

40. Therefore, Plaintiffs Nature's Miracle, Visiontech Group, Inc. and Hydroman, Inc. request the Court to declare that the Hydroman and Visiontech Agreement are of no force or effect and is void for illegality.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF

**(Plaintiffs Nature's Miracle Inc., Visiontech Group, Inc., and Hydroman Inc. Against All Defendants)**

41. Plaintiffs hereby reallege each and every preceding paragraph as though fully set forth herein and incorporates each paragraph by reference.

42. A controversy has arisen between Plaintiffs Nature's Miracle, Inc. and Hydroman, Inc., on one hand, and Defendants on other, that requires judicial resolution to determine the rights and obligations of each party. Under California Code of Civil Procedure § 1060, et seq., the court may declare rights, duties, statuses, and other legal relations, regardless of whether further relief is or could be claimed.

43. Megaphoton alleges that there exists a binding and enforceable contract between Megaphoton and Nature's Miracle and Hydroman identified herein as the Hydroman Agreement.

44. However, neither Hydroman's officers, directors, agents, or even employees executed or signed the Hydroman Agreement on behalf of Hydroman. Hydroman never consented or agreed to any of the terms in the Hydroman Agreement.

45. Therefore, a binding and legal contract was never entered into between Hydroman and Megaphoton.

46. Further, under both the Visiontech and Hydroman Agreements, no consideration flowed from Megaphoton to either Visiontech, Hydroman, or Nature's Miracle. It is black-letter law that "A contract requires consideration." *San Luis Obispo Local Agency Formation Commission v. City of Pismo Beach*, 61 Cal.App.5th 595 (2021). Therefore, Plaintiffs request a court order and judgment declaring that the Visiontech and Hydroman Agreements were never consummated as there was insufficient consideration.

47. In addition to the above, Plaintiffs seek a declaration regarding their rights and duties regarding any payments currently payable to Megaphoton regarding any goods or services. Due to the United States' sanctions on Chinese and Russian entities and persons, any payments to Megaphoton through the avenues, channels, and entities Megaphoton is demanding would either directly or indirectly violate the sanctions imposed by the United States. Therefore, Plaintiffs are currently prohibited from making any payments to Megaphoton for any goods or services.

## PRAYER FOR RELIEF

Plaintiffs do hereby request the following:

1. A declaration of the rights and duties under both the Visiontech and Hydroman Agreements;

2. A declaration that the Visiontech and Hydroman Agreements cannot be enforced due to illegality;

3. A declaration regarding the rights and duties of Plaintiffs regarding any payments to Megaphoton for any goods or services.

4. Any equitable relief and injunctive relief the Court deems necessary as justice and equity require;

5. For costs of suit; and,

6. For whatever such further relief as this Court deems proper.

DATED: July 26, 2024                FORWARD COUNSEL LLP


By: _____
            Brian M. Davis
            Michael W. Caspino
            Michael J. Weiler
            Attorneys for Plaintiffs
            VISIONTECH GROUP, INC., a California
            Corporation; NATURE'S MIRACLE, INC., a
            Delaware Corporation; HYDROMAN INC., a
            California Corporation

15

DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

## JURY DEMAND

Defendants and Counterclaimants request a trial by jury on all issues so triable.

DATED: July 26, 2024        FORWARD COUNSEL LLP

By: _____

Brian M. Davis
Michael W. Caspino
Attorneys for Defendants and Counterclaimants
VISIONTECH GROUP, INC., a California
Corporation; NATURE'S MIRACLE, INC.,  a
Delaware Corporation; HYDROMAN INC., a
California Corporation

16