A. David Youssefyeh (185994)
    david@adylaw.com
ADY LAW GROUP, P.C.
1925 Century Park East, Suite 220
Los Angeles, California 90067
Tel:   (310) 772-2872

Rob D. Cucher (219726)
    cucherlaw@msn.com
CUCHER LAW, P.C.
9454 Wilshire Blvd, Suite 600
Beverly Hills, CA 90212
Tel:   (310) 795-5356

Attorneys for Plaintiff,
MEGAPHOTON, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAPHOTON, INC., a Chinese corporation<br><br>Plaintiff,<br><br>vs.<br><br>VISIONTECH GROUP, INC., a California Corporation; HYDROMAN, INC., a California Corporation; NATURE'S MIRACLE, INC., a Delaware Corporation; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No.  5:24-cv-01181-AH-(DTBx)<br><br>Assigned: Hon. Anne Hwang<br><br>**PLAINTIFF'S REPLY POINTS AND AUTHORITIES IN SUPPORT OF AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON ITS FIRST, SECOND, FIFTH AND SIXTH CAUSES OF ACTION**<br><br>**Hearing**<br>**Date:** August 13, 2025<br>**Time:** 1:30 pm<br>**Location:** Courtroom 7D |

Plaintiff hereby submit this Memorandum of Points and Authorities in Reply to Defendants' Opposition to Plaintiff's Motion for Summary Adjudication of its First, Second, Fifth and Sixth Causes of Action.

Dated: July 23, 2025

ADY LAW GROUP, PC

By: *A. David Youssefyeh*
A. David Youssefyeh

Attorneys for Plaintiff,
MEGAPHOTON, INC.

Dated: July 23, 2025

CUCHER LAW, P.C.

By: *Rob D. Cucher*
Rob D. Cucher

Attorneys for Plaintiff,
MEGAPHOTON, INC.

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................5

II. MEMORANDUM OF POINTS AND AUTHORITIES ................................5

   A. The SEC Filings By Defendants' Parent Company Admitting The Debt To Plaintiff Cannot Be Ignored ................................................................................5

   B. The Guarantee Agreements Are Both Valid And Should Be Enforced ........6

     1. Visiontech Guarantee Agreement Was Fully Executed At The Time Of Presentment..................................................................................................6

     2. The Hydroman Guarantee Agreement Is Valid And Binding ..........................6

   C. The Assertions Regarding Violations Of US Sanctions Are Meritless And Designed To Sow Doubt Where None Exists .............................................................7

     1. China Electronics Zhuhai Co. Ltd. Is Not Subject To US Sanctions ...............7

     2. Even If All Of Defendants' Allegations Regarding Plaintiff's Business In Russia Are All True, The Mere Fact That Plaintiff Has Done Business In Russia Does Not Make Plaintiff A Pariah Subject To US Sanctions ...................................8

III. CONCLUSION ...................................................................................................9

## TABLE OF AUTHORITIES

**Cases**

*Scott v. Harris*, 550 U.S. 372, 380–381 (2007) ..............................................................6

*Vita Planning & Landscape Architecture, Inc. v. HKS Architects, Inc.*, 240
 Cal.App.4th 763 (2015) ........................................................................................7

**Statutes**

CA Civil Code § 1584..............................................................................................7

CA Civil Code § 1589..............................................................................................7

## I. INTRODUCTION

Defendants' entire Opposition is based upon two grounds: 1) the Court should ignore multiple filings with the SEC stating in no uncertain terms that Defendants owe Plaintiff millions of dollars; and 2) the mere mention of the words "China" or "Russia" would cause the Court to ignore all independent analysis and deny Plaintiff's Motion. A deep dive into Defendants' assertions, however, shows that there is no validity to Defendants' arguments and that Plaintiff's Motion for Partial Summary Adjudication should for granted.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. The SEC Filings By Defendants' Parent Company Admitting The Debt To Plaintiff Cannot Be Ignored

Despite the assertion in the Declaration of Tie Li that the debt to Plaintiff, listed in the SEC filings of Nature's Miracle were "included for financial-reporting compliance only and was never intended-by me or by any affiliated company-as an admission that the balance is valid, liquidated, or agreed," (Declaration of Tie Li ("Li Declaration") ¶ 21) Defendants cannot point to a single place, in multiple SEC filings filed over the period of about a one year, wherein the debt to Plaintiff is contested. In filing after filing, the debt is listed without a single statement questioning its validity. Joint Appendix of Evidence ("JAE") Exhibits 4-12. Consequently, to the extent that Defendants are now trying to fabricate a dispute in order to create a triable issue, the

Court should ignore Defendants' baseless attempt to create a conflict and grant Plaintiff's Motion. *Scott v. Harris*, 550 U.S. 372, 380–381 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

**B.     The Guarantee Agreements Are Both Valid And Should Be Enforced**

**1.     Visiontech Guarantee Agreement Was Fully Executed At The Time Of Presentment**

Despite Mr. Li's attempt to sow confusion in his declaration, two other people who signed the Visiontech Guarantee Agreement, Jinlong Du, Plaintiff's President and Zhiyi Zhang, the corporate representative of Defendant Visiontech, state that the Visiontech Guarantee Agreement was signed by <u>all</u> parties at the same time. Supplemental Declaration of A. David Youssefyeh ("Supp Youssefyeh Declaration") ¶ 3 & Exhibit A; Supplemental Declaration of Jinlong Du ("Supp Du Declaration") ¶ 3.

**2.     The Hydroman Guarantee Agreement Is Valid And Binding**

Defendants next attempt to sow confusion as to the validity of the Hydroman Guarantee Agreement by claiming that Mr. Li revoked his signature prior to its full execution. Li Declaration ¶ 12. However, Mr. Li's revocation was sent a month after he signed the document and by then, the agreement was fully executed. Supp Du

Declaration ¶ 3. Furthermore, even assuming *arguendo* that the revocation was sent prior to full execution of the contract, the absence of a signature does not render a contract unenforceable. *Vita Planning & Landscape Architecture, Inc. v. HKS Architects, Inc.*, 240 Cal.App.4th 763, 773 (2015). When, as in this case, a party has performed pursuant to the contract (Plaintiff did not sue and accepted a new payment plan) and the other party has accepted the benefits of the agreement (Defendants were allowed to proceed with the public listing and allowed more time to pay their debts), the agreement is binding upon the parties. *Id*. citing CA Civil Code §§1584 & 1589. Consequently, the Hydroman Guarantee Agreement is valid and binding on Defendants Nature's Miracle and Hydroman.

**C.     The Assertions Regarding Violations Of US Sanctions Are Meritless And Designed To Sow Doubt Where None Exists**

**1.   China Electronics Zhuhai Co. Ltd. Is Not Subject To US Sanctions**

In a desperate and transparent attempt to avoid summary adjudication, Defendants pounce on the fact that the Hydroman Guarantee Agreement refers to items shipped by "China Electronics Zhuhai Co. Ltd." and claim that any payment to Plaintiff would be in violation of US sanctions on China. Li Declaration ¶ 17-19. A closer look at Defendants' claim, however, shows that it is meritless. In particular, Mr. Li, in his declaration, in an attempt to sow confusion, refers to "China Electronics Corporation," but the Hydroman Guarantee Agreement refers to a separate company,

- 7 -

PLAINTIFF'S REPLY BRIEF

"China Electronics Zhuhai Co. Ltd." which is not subject to US sanctions. Request for Judicial Notice No. 2. Consequently, Defendants' attempts to scramble the names of the entities fails and summary adjudication should be granted to Plaintiff.

   2.   **Even If All Of Defendants' Allegations Regarding Plaintiff's Business In Russia Are All True, The Mere Fact That Plaintiff Has Done Business In Russia Does Not Make Plaintiff A Pariah Subject To US Sanctions**

Defendants next try to create triable issues by claiming that the reason that they have not paid Plaintiff is due to the fact that payment to Plaintiff would be in violation of US sanctions against Russia due to Plaintiff being violation of US sanctions against Russia. Li Declaration ¶ 13-16. Defendants, however, cannot point to a specific provision in the law that Plaintiff is in violation of (*e.g.* doing business with Russia's oil & gas industry). Instead, Defendants points to a blog post from a law firm stating that there are sanctions which prohibit firms from providing "architectural" or "engineering" services to Russian entities (Li Declaration ¶ 16). Plaintiff, however, is in the business of selling indoor farming equipment for growing food (Declaration of Jinlong Du ("Du Declaration") ¶ 2). Moreover, a search of the website for the US Treasury Department's Office of Foreign Asset Control for names of firms which have been sanctioned by the US shows that Plaintiff is free of any sanctions imposed

by the US. Request For Judicial Notice No. 1. Consequently, Defendants' claims about Russian sanctions are baseless and should be ignored by the Court.

### III. CONCLUSION

For the foregoing reasons Plaintiff respectfully requests that the Court deny Defendants' Opposition and grant Plaintiff Summary Adjudication of its First, Second, Fifth & Sixth Causes of Action.

Dated: July 23, 2025　　　　　　　　　　　ADY LAW GROUP, PC

　　　　　　　　　　　　　　　　　　　　By: *A. David Youssefyeh*
　　　　　　　　　　　　　　　　　　　　A. David Youssefyeh

　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff,
　　　　　　　　　　　　　　　　　　　　MEGAPHOTON, INC.

Dated: July 23, 2025　　　　　　　　　　　CUCHER LAW, P.C.

　　　　　　　　　　　　　　　　　　　　By: *Rob D. Cucher*
　　　　　　　　　　　　　　　　　　　　Rob D. Cucher

　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff,
　　　　　　　　　　　　　　　　　　　　MEGAPHOTON, INC.

## **CERTIFICATION OF SIGNATURES AND APPROVAL**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that Rob Cucher, counsel for Plaintiff herein, on whose behalf the joint filing is submitted, concurs in the content of this joint filing and has authorized the joint filing.

Date: July 23, 2025

By: *A. David Youssefyeh*
A. David Youssefyeh

Attorneys for Plaintiff,
MEGAPHOTON, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

Date: July 23, 2025                             By:   *A. David Youssefyeh*
                                                         A. David Youssefyeh