A. David Youssefyeh (185994)
david@adylaw.com
ADY LAW GROUP, P.C.
1925 Century Park East, Suite 220
Los Angeles, California  90067
Tel:   (310) 772-2872

Rob D. Cucher (219726)
cucherlaw@msn.com
CUCHER LAW, P.C.
9454 Wilshire Blvd Ste 600
Beverly Hills, CA 90212
Tel:   (310) 795-5356

Attorneys for Plaintiff,
MEGAPHOTON, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAPHOTON, INC., a Chinese corporation<br><br>Plaintiff,<br><br>vs.<br><br>VISIONTECH GROUP, INC., a California Corporation; HYDROMAN, INC., a California Corporation; NATURE'S MIRACLE, INC., a Delaware Corporation; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No.  5:24-cv-01181-AH-(DTBx)<br><br>Assigned: Hon. Anne Hwang<br><br>**PLAINTIFF'S OBJECTIONS TO DECLARATION OF TIE LI**<br><br>**Hearing**<br>**Date:** August 13, 2025<br>**Time:** 1:30 pm<br>**Location:** Courtroom 7D |

Plaintiff Megaphoton, Inc. hereby objects to the Declaration of Zhiyi Zhang as follows:

| SECTION | OBJECTIONS |
|---|---|
| 4. Hydroman was formed by a sales executive working for Plaintiff in order to distribute Plaintiff's products in North America. | 1. Hearsay (FRE 801(c)(2))<br>2. Lacks Personal Knowledge (FRE 601) |
| 10. The Hydroman form required signatures from Megaphoton, Hydroman and Nature's Miracle. The "Hydroman" block bears the name "John Warms". At all times since Hydroman became a wholly owned subsidiary of Nature's Miracle, there has never been an employee or executive named "John Warms". Additionally, I have never met anyone personally or corresponded with anyone claiming to be "John Warms." | 1. Improper Business Record (FRE 803(6)) – Declarant is trying to introduce the business records of Hydroman into the record without setting a proper foundation.<br>2. Lacks Personal Knowledge (FRE 601) – Declarant was only produced as corporate representative of Defendant Nature's Miracle and not Defendant Hydroman (see Supplemental Declaration of A. David Youssefyeh ("Supp |

| | |
|---|---|
| | Youssefyeh Declaration") ¶ 2); Declarant specifically fails to state whether Hydroman became a subsidiary of Nature's Miracle prior to, or after the execution of the Hydroman Guarantee. |
| 11. At the time of signing both the Visiontech Guarantee Agreement and the Hydroman Guarantee Agreement, neither Dr. Du nor anyone on behalf of Plaintiff signed the documents. Additionally, there was no signature for Hydroman's "John Warms." | 1.   Irrelevant (FRE 401)<br>2.   Sham Declaration - Contradicts prior sworn testimony of corporate representative of Visiontech. Supp Youssefyeh Declaration ¶ 3; *Radobenko v. Automated Equip. Corp.,* 520 F.2d 540, 544 (9th Cir. 1975) citing *Perma Research & Development Co. v. The Singer Co.,* 410 F.2d 572, 578 (2d Cir. 1969). |
| 13. On March 3, 2023, I accessed Megaphoton's Russian-language website at | 1.   Hearsay (FRE 801(c)(2)) |

- 3 -

PLAINTIFF'S OBJECTIONS TO DECLARATION OF TIE LI

| | |
|---|---|
| http://www.mphoton.com/news/MediaReports/ and captured the pages then publicly available. Attached to the JAE as Exhibit 14 and incorporated herein by this reference are true and correct copies of those screenshots, which display Megaphoton's product marketing, Moscow contact information, and photographs of completed projects within the Russian Federation. | 2.   Lacks Personal Knowledge (FRE 601) – Declarant fails to establish how he knows that this is the actual company website belonging to Plaintiff.<br>3.   Improper Business Record (FRE 803(6)) |
| 14. Using Nature's Miracle's subscription to the ImportGenius trade database, I generated a shipment report reflecting more than two hundred exports from Megaphoton to Russian importers between 2011 and January 2023. Attached to the JAE as Exhibit 15 and incorporated herein by this reference is a true and correct copy of the first page of that report. | 1.   Hearsay (FRE 801(c)(2)) – The contents of the ImportGenius database consists of Hearsay within Hearsay.<br>2.   Improper Business Record (FRE 803(6)) – To the extent the Declarant is claiming that the database is subject to the "business records" exception, Declarant fails to lay a proper foundation for its introduction. |

PLAINTIFF'S OBJECTIONS TO DECLARATION OF TIE LI

| | |
|---|---|
| 15. Attached to the JAE as Exhibit 16 and incorporated herein by this reference is a true and correct copy of a screenshot of Megaphoton's web page describing the activities of Megaphoton's Russian subsidiary, including participation in a June 2021 horticulture exhibition held in Moscow. I downloaded this screenshot from publicly available materials distributed by Megaphoton. | 1.    Hearsay (FRE 801(c)(2))<br><br>2.    Lacks Personal Knowledge (FRE 601) – Declarant fails to establish how he knows that this is the actual company website belonging to Plaintiff. |
| 16. Attached to the JAE as Exhibit 17 and incorporated herein by this reference is a true and correct copy of a Baker & McKenzie blog post dated May 19, 2023, describing the determination, issued under Executive Order 14071, that the export, sale, or supply of architecture or engineering services to persons located in the Russian Federation is prohibited. The post also links to the OFAC press release and BIS press release supporting the same. The press release was downloaded from the | 1.    Hearsay (FRE 801(c)(2))<br><br>2.    Improper Request for Judicial Notice – Declarant is requesting the Court to take Judicial Notice of certain facts without properly notifying the moving party and allowing an opportunity for it to be heard. Moreover, per FRE 201, only "undisputed" facts may properly be taken Judicial Notice of and |

| | |
|---|---|
| following URL https://sanctionsnews.bakermckenzie.com/us-government-imposessignificant-sanctions-on-russia-and-adds-71-entities-to-the-entity-list/. | the entire blog is disputed by Plaintiff.<br><br>3.   Improper attempt to exceed the Court's page limitations by attempting to include additional argument.<br><br>4.   Improper Request for Judicial Notice – The Declarant is not requesting that the Court take judicial notice of the mere fact of the existence of the blog, but rather, that the Court take judicial notice of the legal arguments made in the blog post. *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.* 658 F.3d 936, 940 n.2 (9th Cir. 2011) |
| 17. Attached to the JAE as Exhibit 18 and incorporated herein by this reference is a true | 1.   Hearsay (FRE 801(c)(2)) |

- 6 -

| | |
|---|---|
| and correct copy of a bilingual memorandum entitled "Instruction on How to Avoid U.S. Sanctions," produced by China Electronics ("CEC") and sent to Nature's Miracle in the ordinary course of business, advising Megaphoton's customers to route payments through non-U.S. banks and currencies in order to evade U.S. restrictions. I received this document in the ordinary course of business and have personal knowledge of its authenticity. | 2.  Improper Business Record (FRE 803(6)) – To the extent the Declarant is claiming that the document is subject to the "business records" exception, Declarant fails to lay a proper foundation for its introduction. |
| 18. Attached to the JAE as Exhibit 19 and incorporated herein by this reference is a true and correct copy of the Federal Register notice published on August 24, 2022 (87 Fed. Reg. 51876 et seq.), which adds multiple entities to the U.S. Commerce Department's Entity List, including "China Electronics Technology Group Corporation 43 Research Institute" and "China Electronics Technology Group | 1.  Hearsay (FRE 801(c)(2)) <br> 2.  Improper Request for Judicial Notice – Declarant is requesting the Court to take Judicial Notice of certain facts without properly notifying the moving party and allowing an opportunity for it to be heard. |

PLAINTIFF'S OBJECTIONS TO DECLARATION OF TIE LI

| | |
|---|---|
| Corporation 58 Research Institute." I obtained this document from the official Federal Register website and have personal knowledge of its authenticity. | |
| 19. According to both the Hydroman Guarantee Agreement and the Visiontech Guarantee Agreement, payments from Defendants were to be made to China Electronics Zhuhai Co LTD ("China Electronics"). China Electronics is listed on the Federal Registry of sanctioned entities. | 1. Hearsay (FRE 801(c)(2))<br>2. Declaration Contradicts Objective Evidence – The Declarant's statement contradicts objective evidence as "China Electronics Zhuhai Co LTD" is clearly a different company than "China Electronics Corporation" (Declaration of Frank Du ("Du Declaration") ¶ 2; *Scott v. Harris* 550 U.S. 372, 379–81 (2007)) |
| 20. Based on Exhibits 1, 2 and 13 through 19 attached to the JAE and on my personal knowledge acquired while serving as Chief Executive Officer of Nature's Miracle during the relevant period, performance of the | 1.   Hearsay (FRE 801(c)(2))<br>2.   Improper Opinion Testimony by Lay Witness - Declarant is not a legal expert and thus lacks the competency to |

| | |
|---|---|
| guaranty agreements at issue would require United States persons to finance or facilitate transactions with entities operating in the Russian Federation, contrary to Executive Orders 14024 and 14071 and the related OFAC regulations. | testify as to the legality of payments to Plaintiff. *Felkins v. City of Lakewood* 774 F.3d 647, 651-652 (10th Cir. 2014); Fed. R. Evid 701.<br>3.   Declarant is unqualified to render an opinion as to legality of payments to Plaintiff – FRCP 56(c)(4). |
| 21. I have reviewed the financial statements that Plaintiff attached to the JAE as Exhibits 3-12. The payable shown for Megaphoton was recorded solely to satisfy generally accepted accounting principles, which require disclosure of contingent or disputed obligations when a loss is reasonably possible. The figure was included for financial-reporting compliance only and was never intended-by me or by any affiliated company-as an | 1.   Hearsay (FRE 801(c)(2))<br>2.   Improper Opinion Testimony by Lay Witness - Declarant is not a financial expert and thus lacks the competency to testify as to the requirements of Generally Accepted Accounting Principles.<br>3.   Declarant is unqualified to render an opinion as to financial |

| admission that the balance is valid, liquidated, or agreed. | reporting compliance (FRCP 56(c)(4)). |
|---|---|

Dated: July 23, 2025

ADY LAW GROUP, PC

By: *A. David Youssefyeh*
A. David Youssefyeh

Attorneys for Plaintiff,
MEGAPHOTON, INC.

Dated: July 23, 2025

CUCHER LAW, P.C.

By: *Rob D. Cucher*
Rob D. Cucher

Attorneys for Plaintiff,
MEGAPHOTON, INC.

## CERTIFICATION OF SIGNATURES AND APPROVAL

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that Rob Cucher, counsel for Plaintiff herein, on whose behalf the joint filing is submitted, concurs in the content of this joint filing and have authorized the joint filing.

Date: July 23, 2025

By: *A. David Youssefyeh*
A. David Youssefyeh
Attorneys for Plaintiff,
MEGAPHOTON, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

Date: July 23, 2025                             By:   *A. David Youssefyeh*
                                                              A. David Youssefyeh